UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON A. PHILLIPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00875-KES-CDB<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO AMEND COMPLAINT<br><br>(Docs. 11, 12)<br><br>ORDER ON STIPULATION TO EXTEND TIME TO FILE RESPONSIVE PLEADING<br><br>(Doc. 14)<br><br>ORDER DENYING MOTION TO LODGE VIDEO EVIDENCE<br><br>(Doc. 13)<br><br>ORDER DENYING AS MOOT MOTION FOR SUBPOENA<br><br>(Doc. 4)<br><br><u>Clerk of the Court to Adjust the Docket to Reflect Operative First Amended Complaint</u> |

　　　　On July 17, 2025, Plaintiff Devon A. Phillips initiated this action with the filing of a complaint against the Kern County's Sheriff's Office, Deputy Fisher, and Deputy J. Perez. (Doc. 1). On July 21, 2025, Plaintiff filed a motion for subpoena. (Doc. 4). On August 7, 2025, Plaintiff filed a motion for leave to amend the complaint (Doc. 11) and lodged a proposed first amended

1  complaint with the Court (Doc. 12).  That same day, Plaintiff filed a motion to lodge video evidence
2  with the Court.  (Doc. 13).  On August 8, 2025, the parties filed a jointly executed stipulated request
3  to extend the deadline for Defendant Kern County Sheriff's Office to file a responsive pleading in
4  which Defendants indicate they do not oppose Plaintiff's motion to amend the complaint.  (Doc.
5  14).

6        The Court will address each filing in turn.

7        **Motion for Leave to Amend the Complaint**

8        In the motion for leave to amend the complaint, Plaintiff asserts that he met and conferred
9  by telephone with counsel for Defendants on August 5, 2025, concerning his claims.  Plaintiff states
10 that "defense counsel brought up some deficiencies that the defendants would like the plaintiff to
11 correct" and Plaintiff, thus, seeks leave to file his first amended complaint.  (Doc. 11 at 2).  It
12 appears Defendants do not oppose amendment.  *See* (Doc. 14).

13       Rule 15 of the Federal Rules of Civil Procedure permits a plaintiff to amend the complaint
14 once as a matter of course no later than 21 days after service of the complaint or 21 days after
15 service of a responsive pleading or motion to dismiss, whichever is earlier.  *See* Fed. R. Civ. P.
16 15(a)(1).  After such time has passed or plaintiff has once amended their complaint, amendment
17 may only be by leave of the court or by written consent of the adverse parties.  Fed. R. Civ. P.
18 15(a)(2).  "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice
19 so requires."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006);
20 *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit
21 amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893
22 F.2d 1074, 1079 (9th Cir.1990)).

23       Here, the docket reflects waivers of service of process for individual Defendants executed
24 and filed on July 25, 2025, signed by counsel for Defendants Fisher and Perez.  (Docs. 7, 8).
25 Additionally, Plaintiff filed summonses returned executed that same day.  (Docs. 9, 10).  Further,
26 counsel for Defendants represents that Defendant Kern County Sheriff's Office was served on July
27 18, 2025.  (Doc. 14 at 1).  As Plaintiff filed the motion to amend and lodged his proposed first
28 amended complaint less than 21 days following service of the complaint, Plaintiff may amend his

1  complaint once as a matter of course.  Plaintiff has not previously amended his complaint.  Thus,
2  the Court will adopt the lodged first amended complaint (Doc. 12) as the operative complaint.

### Stipulation to Extend Time for Defendant to File Responsive Pleading

On August 8, 2025, the parties filed a jointly executed stipulated request to extend the time for Defendant Kern County Sheriff's Office to file a responsive pleading to August 22, 2025.  (Doc. 14).  The parties represent that they agreed Plaintiff would file an amended complaint and, thus, Plaintiff agreed to extend the responsive pleading deadline for Defendant Kern County Sheriff's Office to August 22, 2025.  *Id.* at 2.

In light of the Plaintiff amending his complaint pursuant to Rule 15(a)(1)(A), Defendant Kern County Sheriff's Office shall file its responsive pleading no later than August 25, 2025.  *See* Fed. R. Civ. P. 15(a)(3).  Defendants Fisher and Perez shall file their responsive pleadings no later than September 23, 2025.  (Doc. 14 at 2; *see* Docs. 7, 8).

### Motion to Lodge Video Evidence

On August 7, 2025, Plaintiff filed a motion seeking to "submit thumb drives and other supporting documents" to the Court that "will prove the complaint and claim … as accurate and factual." (Doc. 13 at 2).  Plaintiff provides no other grounds for the request to lodge evidence with the Court.

Plaintiff is admonished that, as the Court advised in its Informational Order (Doc. 3-3), the Court cannot serve "as a repository for the parties' evidence."  It follows that Plaintiff "may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court)."  Plaintiff was warned that any "[e]vidence improperly submitted to the Court will be stricken and returned to the party."  (Doc. 3-3 at 2) (emphasis omitted).

Plaintiff identifies no events that brings such evidence into question and the Court cannot locate any.  Thus, Plaintiff's motion to lodge evidence (Doc. 13) will be denied.

### Motion for Subpoena

On July 21, 2025, Plaintiff filed a motion seeking a subpoena for service on individual Defendants.  Plaintiff represents that he was told on July 21, 2025, by the "subpoena coordinator

that the summons to appear is not a subpoena she will not accept the summons without the subpoena." Plaintiff requests a subpoena to require Defendants appear at the October 14, 2025, scheduling conference, without being required to pay any subpoena appearance fee. (Doc. 4 at 2).

As the individual Defendants have filed waivers of service and have appeared in this action through counsel (Docs. 7, 8), they are required to appear at the mandatory scheduling conference. *See* (Doc. 3). As such, no subpoena is required. Thus, Plaintiff's motion (Doc. 4) is DENIED as moot.

### Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's unopposed motion for leave to amend the complaint (Doc. 11) is GRANTED and the proposed first amended complaint, lodged with the Court on August 7, 2025 (Doc. 12), is deemed the operative complaint.
2. Defendant Kern County Sheriff's Office SHALL FILE its responsive pleading to the first amended complaint no later than August 25, 2025. *See* Fed. R. Civ. P. 15(a)(3).
3. Defendants Fisher and Perez SHALL FILE their responsive pleadings to the first amended complaint no later than September 23, 2025. *See id.*
4. Plaintiff's motion to lodge evidence (Doc. 13) is DENIED.
5. Plaintiff's motion for subpoena (Doc. 4) is DENIED as moot.
6. The Clerk of the Court is DIRECTED to adjust the docket to reflect Plaintiff's lodged complaint (Doc. 12) as the operative first amended complaint.

IT IS SO ORDERED.

Dated: **August 11, 2025**

UNITED STATES MAGISTRATE JUDGE

4