UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON A. PHILLIPS,<br><br>                    Plaintiffs,<br><br>        v.<br><br>KERN COUNTY SHERIFF DEPARTMENT,<br>*et al.*,<br><br>                    Defendants. | Case No. 1:25-cv-00875-CDB<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br>(Doc. 17)<br><br>**21-DAY DEADLINE** |

Pending before the Court[1] is the motion of Defendants Kern County Sheriff's Office ("KCSO"), Deputy Fisher, Sergeant J. Perez, and Deputy Shin (collectively, "Defendants") to dismiss claims asserted in the operative first amended complaint. (Doc. 16). On August 28, 2025, Plaintiff Devon Phillips filed an opposition and, on September 4, 2025, Defendants filed a reply. (Docs. 20, 21). Plaintiff also filed a document titled "response" that is dated the same date as Defendants' reply (Doc. 22), though it is unclear to which of Defendants' filings this pleading responds. In all events, because Plaintiff did not seek leave of Court to file additional briefing on the motion, the Court disregard's Plaintiff's "response" as an improper supplemental briefing. *See* Local Rule 230.

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on October 21, 2025, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 26).

## I.     **Background**

On July 17, 2025, Plaintiff initiated this action with the filing of a complaint.  (Doc. 1). Plaintiff filed the operative, first amended complaint (FAC") on August 7, 2025.  (Doc. 16).

In the FAC, Plaintiff alleges that on April 11, 2025, at approximately 5:30 p.m., he was at 2659 Monterey Street, Bakersfield, California.  He was doing "maintenance work, unarmed, and not the subject of a search warrant.  Multiple unmarked vehicles arrived.  Two armed, plain-clothed men [] emerged, failing to announce themselves as law enforcement."  Plaintiff alleges that one of these men was Defendant Fisher.  One of the armed men pointed a rifle at Plaintiff and shouted, "Tyree."  The other armed individual, wearing a grey Los Angeles Dodgers hat and later determined to be Defendant Fisher, ran toward and pointed his weapon at Plaintiff and ordered him to the ground, despite Plaintiff's compliance with orders.  *Id.* at 3.

Defendant Fisher "violently handcuffed [P]laintiff," using a wrist lock and exacerbating Plaintiff's pre-existing left shoulder injuries.  Defendant Perez, a supervising officer, "actively assisted despite lack of resistance," and neither Defendant "provided or displayed any warrant." Defendant Shin searched Plaintiff's vehicle and seized property, namely a dashcam and a micro-SD card, "without a warrant or consent."  None of said Defendants provided "an explanation for this search or the seizure."  Plaintiff was detained in a patrol car, denied an explanation, and later released without charges.  Plaintiff "immediately sought medical attention for aggravated injuries, and continues to require treatment and psychological counseling.  Plaintiff was not the subject of the warrant being served."  *Id.*

Despite standing at a distance from the individual who was the subject of the warrant, Plaintiff was "threatened, restrained, and injured" in violation of KCSO policy and the U.S. Constitution.  *Id.* at 3-4.  Plaintiff immediately notified KCSO of his physical injuries and requested body-worn camera ("BWC") and dashcam footage, as well as names and units of each Defendant. Defendants "redacted key information and refused to provide [unredacted] videos despite multiple written and in person requests."  Plaintiff filed a complaint with KCSO and was told it was "unfounded."  Documents provided in response by KCSO redacted names of deputies, and BWC

and dashcam footage have not been provided "despite multiple formal requests."  The search warrant that was executed did not mention Plaintiff.  *Id.* at 4.

Plaintiff alleges that his experience is "directly traceable to widespread and persistent customs, policies, and practices."  Plaintiff alleges that these are documented in a 2020-2026 California Department of Justice investigation and stipulated settlement with KCSO; published reports by the ACLU and state courts; ongoing federal and independent monitoring documenting deficiencies in KCSO's compliance with reforms; and statistics regarding KCSO's complaints and use of force rates.  *Id.*  Plaintiff asserts that the conduct of Defendants Fisher and Perez was a direct result of KCSO customs.  *Id.* at 5.

## II.    <u>Governing Authority</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief).  A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted);

*Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). And "even 'well-pleaded facts' are not sufficient if they are accompanied by only '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Gibson v. City of Portland*, -- F.4th --, 2026 WL 235118, at *16 (9th Cir. Jan. 29, 2026) (quoting *Iqbal*, 556 U.S. at 678). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

**III.    Discussion**

By their motion, Defendants seek dismissal of Plaintiff's municipal liability claims and dismissal of KCSO as an improper defendant. *See* (Doc. 17). Defendants also seek dismissal of the County of Kern. *See id.* However, as the County of Kern is not named as a defendant, the Court will not reach any such arguments. The Court will address each of Defendants' other arguments in turn.

**A.  Municipal Liability Claims**

***i.  Legal Standard***

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Local governments are responsible only for their own illegal acts; they are not vicariously liable for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

A municipality is held liable only when "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Monell*, 436 U.S. at 691. This "official municipal

policy" need not be expressly adopted, "[i]t is sufficient that the constitutional violation occurred pursuant to a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (citation and quotations omitted). A policy can also be one of action or inaction, such as a failure to train employees when such omissions amount to the government's policy. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1189 (9th Cir. 2006) ("[A] county's lack of affirmative policies or procedures to guide employees can amount to deliberate indifference[.]").

Thus, to establish a § 1983 claim for municipal liability, Plaintiff must show: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009).

Courts in the Ninth Circuit use a two-part test to evaluate whether factual allegations regarding municipal liability are sufficiently pled: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

"Under Ninth Circuit precedent, [a] policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations. In an 'omission' action, a plaintiff must show the municipality's policy of inaction amounts to deliberate indifference to the plaintiff's constitutional right, and that the policy caused the violation, in the sense that the [municipality] could have prevented the violation with an appropriate policy." *Fosbinder v. Cnty. of San Diego*, No. 24-cv-733-RSH-SBC, 2024 WL 4631275, at *10 (S.D. Cal. Oct. 30, 2024) (alterations in original; quoting *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)).

///

### ii. Parties' Contentions

Defendants seek dismissal of the fifth cause of action alleging *Monell* claims against KCSO. (Doc. 17 at 5). Defendants assert that the operative complaint "does not allege facts showing deliberate indifference on the part of the [KCSO] or the County of Kern." Defendants argue that Plaintiff cites to no specific written policy and no custom or unofficial policy, nor a "single prior incidence of anything remotely similar," and that the "complaint does not allege a single fact showing how any policymaker had actual or constructive knowledge that the policy was substantially certain to result in the violation of the constitutional rights of their citizens." *Id.* at 5-6 (quotation and citation omitted).

Defendants argue that Plaintiff's assertion he was standing away from the subject of the search warrant and was injured by Defendants in a manner inconsistent with KCSO policy cannot constitute a custom that caused any alleged constitutional injury. *Id.* at 6. Defendants assert that Plaintiff has not pled facts plausibly showing that KCSO disregarded known or obvious consequences that a particular omission in their training program would cause municipal employees to violate citizens' constitutional rights, nor any facts showing ratification by KCSO of unconstitutional conduct. *Id.* at 7-8.

Plaintiff asserts he references findings from courts, the California Department of Justice, and the American Civil Liberties Union ("ACLU") "which are incorporated as exhibits." (Doc. 20 at 3). Plaintiff attaches to his opposition a stipulated judgment purportedly entered in the matter of *People v. County of Kern & the KCSO*, Case No. BCV-20-102971, in the Kern County Superior Court. *Id.* at 6-64. Plaintiff also attaches the complaint from the same case. *Id.* at 65-71. Additionally, Plaintiff attaches a report from the ACLU titled Patterns & Practices of Police Excessive Force in Kern County, dated November 2017, and with annotations. *Id.* at 72-95.

### iii. Analysis

First, the Court notes that none of Plaintiff's aforementioned exhibits are attached to the first amended complaint, despite Plaintiff's contention of their inclusion as exhibits. *See* (Doc. 16). Second, even if said exhibits were attached to the first amended complaint, the Court may elect not to consider factual allegations that are not specifically pled in the complaint itself. It is not

sufficient that such allegations are included across multiple attachments or exhibits to the complaint. Plaintiff must allege in his complaint the specific facts he sets forth to support his claims and under which theories or sources of law he brings his claims. *See Lopez v. Bank of Am.*, No. 1:11-cv-00485-LJO, 2011 WL 1134671, at *2 (E.D. Cal. Mar. 28, 2011) (explaining that "a plaintiff is well advised to state fully the facts supporting his claims against the defendants and to refrain from attaching exhibits … Plaintiff is cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits"); *see also Ford v. Sanchez-Galvin*, No. 24-cv-1025 JLS (KSC), 2024 WL 5081635, at *1 (S.D. Cal. Dec. 11, 2024) ("'Exhibits attached to a complaint are not a substitute for factual allegations.'") (quoting *Arnold v. Hearst Mag. Media, Inc.*, No. 19-cv-1969-WQH-MDD, 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020)).

Turning to the allegations specifically pled in the first amended complaint, Plaintiff offers no facts setting forth any deficient practice, policy, or procedure, written or otherwise. Plaintiff merely sets forth conclusory recitations of the legal standard for *Monell* claims. *See* (Doc. 6 at 11-12). Plaintiff avers that his experience is "directly traceable to widespread and persistent customs, policies, and practices." Plaintiff asserts that these are documented in a 2020-2026 California Department of Justice investigation and stipulated settlement with KCSO; published reports by the ACLU and state courts; ongoing federal and independent monitoring documenting deficiencies in KCSO's compliance with reforms; and statistics regarding KCSO's complaints and use of force rates. Plaintiff alleges in conclusory fashion that the conduct of Defendants Fisher and Perez was a direct result of KCSO customs. *Id.* at 4-5.

Here, Plaintiff's cursory and general reference to investigations, court documents, and third-party reports is insufficient to establish the existence of a policy, custom, or practice under *Monell* that was the driving force of Plaintiff's constitutional injuries. In other words, Plaintiff cannot simply identify documents by their titles and assert without elaboration or explanation how policies, customs, or practices implicated therein relate to Plaintiff's claims. Nor does Plaintiff purport to demonstrate in the FAC the existence of a relevant policy, custom, or practice through allegations of Defendants' prior conduct resulting in similar constitutional violations. "Without notice of

similar past instances, county decisionmakers can hardly be said to have deliberately chosen to implement the policy that causes violations of constitutional rights.  Thus, [p]rior indicators cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question.  That is, notice of a pattern of similar violations is required … they must be sufficiently similar to the present deprivation such that the County's failure to act to address the previous violations constitutes a deliberate decision to deny the plaintiff constitutional rights." *Est. of Luna v. Orange Cnty. Sheriff's Dep't*, No. 8:23-cv-02180-DOC-KESX, 2024 WL 3218649, at *2 (C.D. Cal. June 20, 2024) (quotations and citations omitted; alterations in original).

Nor does Plaintiff allege facts about KCSO's training programs or policies; his allegations concern only the acts of individuals towards Plaintiff.  Likewise, Plaintiff fails to allege facts establishing a pattern of similar constitutional violations by untrained employees, or that the need for more or different training was so obvious, and the inadequacy so likely to result in violations of constitutional rights, that KCSO can reasonably be said to have been deliberately indifferent.  *See Scarano v. Cnty. of Stanislaus*, No. 2:25-cv-00099-DJC-CKD, 2025 WL 2829174, at *3 (E.D. Cal. Oct. 6, 2025) ("The FAC offers no facts about these Defendants' training program or policies.  The only factual allegations concern the acts of individual deputies towards Plaintiffs.  Therefore, as Plaintiffs rely solely on the single incident involved in this case, they have not alleged the facts required to establish that these Defendants employ an inadequate training policy."); *see also Oyenik v. Corizon Health*, 696 Fed. App'x 792, 794 (9th Cir. 2017) (isolated or sporadic incidents are not sufficient to establish a policy or custom for *Monell* liability); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 936 (S.D. Cal. 2022) ("Put more simply, Plaintiff must do more than allege in a conclusory fashion that the County maintains an unwritten policy or custom of permitting the types of wrongs Plaintiff experienced."); *Duenas v. Cnty. of Imperial*, No. 14-cv-2460-L(KSC), 2015 WL 12656291, at *3-4 (S.D. Cal. Mar. 9, 2015) (dismissing *Monell* claim premised on allegations of an excessive force policy and county's failure to train and failure to investigate claims of excessive force).

Accordingly, the fifth cause of action will be dismissed.  The Court acknowledges that "[t]he requirement that a plaintiff dig into the previous instances of allegedly unconstitutional

8

conduct through examining court dockets or making public records request is undoubtedly arduous. But so is discovery for a *Monell* claim." *Est. of Luna*, 2024 WL 3218649, at *3. However, a *Monell* claim "passing the motion to dismiss stage significantly expands the scope of discovery, because it puts the facts of other alleged constitutional violations at issue. Where some of that information is available to a plaintiff before discovery, the plaintiff must pursue those alternative sources. Only then may a court assess whether the plaintiff's claim is plausible enough to warrant discovery." *Id.*

Plaintiff will be granted leave to amend his *Monell* claims.

### B. Inclusion of KCSO as Defendant

Next, the Court addresses Defendants' argument that the KCSO is an improper defendant in that it is a department or sub-unit of a municipal entity, namely the County of Kern. (Doc. 17 at 4).

The Ninth Circuit recently reaffirmed its prior holdings that both a California municipal police department and a California county sheriff's department were "public entities" that may be sued. *See Duarte v. City of Stockton*, 60 F.4th 566, 573 (9th Cir. 2023) ("As to the Stockton Police Department, we held over thirty years ago that municipal police departments in California 'can be sued in federal court for alleged civil rights violations.' More recently, we reaffirmed this holding and extended it to California's county sheriffs' departments.") (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1988) & *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 565–66 (9th Cir. 2001)); *see also Hulet v. Cnty. of Tuolumne*, No. 1:23-cv-01217-KES-HBK, 2024 WL 3758360, at *5 (E.D. Cal. Aug. 12, 2024) (analyzing *Duarte* and finding the same).

County Defendants cite *Neylon v. County of Inyo*[2], *Vance v. County of Santa Clara*[3], and *Nelson v. County of Sacramento*[4] for the proposition that KCSO is an improper defendant. (Doc. 17 at 4). *Neylon* cites to *Nelson* which in turn, cites to *Garcia v. City of Merced*[5] in support. *Garcia* cites to *Vance* as well as an out-of-circuit opinion from the District of Colorado. However, *Vance* cites to the same out-of-circuit opinion, as well as another out-of-circuit opinion from the District

---

[2] No. 1:16-cv-0712 AWI JLT, 2016 WL 6834097, at *13 (E.D. Cal. Nov. 21, 2016).
[3] 928 F. Supp. 993, 996 (N.D. Cal. 1996).
[4] 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013).
[5] 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008)

Court for the District of Columbia.  All of the aforementioned cases predate the Ninth Circuit's binding holdings in *Duarte.*

In other cases predating *Duarte*, courts have concluded that it is "unnecessary to sue both a county and the county sheriff's office for identical claims with identical theories of liability" and found that sheriff's departments, when standing alone, are generally not considered "persons" for purposes of section 1983.  *See*, *e.g.*, *Shannon v. Cnty. of Sacramento*, No. 2:15-cv-00967-KJM-CKD, 2016 WL 1138190, at *6 (E.D. Cal. Mar. 23, 2016) (citing *United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring)).  However, the Ninth Circuit in *Duarte* expressly discounted said reading of the decision in *Kama*, referring to the same quote from the concurrence cited in *Shannon*, and explained that "concurring opinions have no binding precedential value" and that the concurrence did not cite *Karim-Panahi* or *Streit*.  *Duarte*, 60 F.4th at 574 (citations and quotations omitted) (reversing district judge's determination that the City of Stockton and Stockton Police Department are not persons within the meaning of § 1983).

Thus, at this stage, the Court finds unpersuasive Defendants' arguments that the inclusion of the KCSO is improper in this action.  As to dismissal of KCSO, the Defendants' motion will be denied.

### C.  Supervisory Liability

In their motion, Defendants seek dismissal of supervisory liability claims.  (Doc. 17 at 18-19).  However, Defendants only assert that Plaintiff has failed to plead specific facts showing how KCSO failed to supervise in a manner that was deliberately indifferent.  Defendants offer no arguments as to why any claim against any individual supervisory defendant should be dismissed, and seek dismissal only of KCSO, not any of the individual Defendants.  *See id.*

"Supervisory liability represents a form of personal liability against an individual, while municipal liability is entity liability.  Supervisory liability concerns whether supervisory officials' own action or inaction subjected the Plaintiff to the deprivation of [their] federally protected rights.  Generally, liability exists for supervisory officials if they personally participated in the wrongful conduct or breached a duty imposed by law." *Ter-Galstanyan v. Cnty. of Kern*, No. 1:22-cv-00645-

JLT-CDB, 2024 WL 1971819, at *6 (E.D. Cal. May 3, 2024) (quotations citations omitted; alterations in original).

Thus, in any event, supervisory liability claims may not be alleged against municipal entities, such as KCSO. *See id.* (finding plaintiffs cannot maintain supervisory liability claims against the county or the sheriff's office, and may only bring *Monell* claims against them). As Defendants offer argument regarding only dismissal of KCSO as to any supervisory liability claims, the Court will not address any such claims against individual Defendants.

### D. Leave to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires" as the purpose of the Rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, courts may, in their discretion, choose to decline leave to amend due to futility, bad faith, undue delay, prejudice to the opposing parties, dilatory motive or conduct, or a repeated failure to cure deficiencies by amendments. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–893 (9th Cir. 2010). A court's discretion in denying leave to amend is particularly broad after plaintiff has already been afforded an opportunity to amend the complaint. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016).

Here, the Court finds that the above deficiencies may be remedied by amendment and will extend leave to amend.

Plaintiff is forewarned that he must assert any factual allegations he wishes the Court to consider within the body of the complaint. Factual allegations included only in attachments to the complaint are insufficient. *See Lopez*, 2011 WL 1134671, at *2.

### IV.  Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. 17) is GRANTED in part:

   a. The motion is GRANTED as to the fifth cause of action with leave to amend;

   b. The motion is DENIED as to the dismissal of the Kern County Sheriff's Office;

2. Plaintiff is GRANTED leave to file a second amended complaint only to the extent he may remedy the deficiencies noted herein pertaining to the fifth cause of action; and

11

3.  Plaintiff SHALL FILE any second amended complaint **within 30 days** of entry of this order.

4.  If Plaintiff declines to timely file a second amended complaint, the FAC will remain the operative complaint.

IT IS SO ORDERED.

Dated:    **February 11, 2026**    _____
                                    UNITED STATES MAGISTRATE JUDGE